IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEXIS DOUGAN and AMY GUTHRIE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: _____ |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorney, and for its Complaint in Interpleader alleges as follows:

**PARTIES**

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2. Defendant Alexis Dougan ("Dougan"), is an adult individual who is domiciled at 15429 Capricorn Rd., Wilmer, AL 36587. Upon information and belief, Dougan is the daughter of William Dougan, deceased (the "Insured").

3. Defendant Amy Guthrie ("Guthrie"), is an adult individual who is domiciled at 15429 Capricorn Rd., Wilmer, AL 36587. Upon information and belief, Guthrie is the step-sister of Dougan.

**JURISDICTION**

4. This Court has original jurisdiction over this Interpleader action under the provisions of 28 U.S.C. § 1331, as the underlying claims at issue arise under and involve rights and liabilities governed by federal law, more particularly, the Servicemembers' Group Life

Insurance statute, 38 U.S.C. § 1965, *et seq.* ("SGLI").

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because it is the judicial district in which one or more of the defendants resides.

## FACTS SUPPORTING INTERPLEADER

6. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provided group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to SGLI, 38 U.S.C. § 1965, *et seq.*, under group policy number G-32000 (the "Group Policy").

7. Pursuant to SGLI, the Group Policy provides Veterans' Group Life Insurance ("VGLI") coverage to veterans who separate or are released from active duty.

8. At all relevant times, the Insured was covered under SGLI and the Group Policy for VGLI coverage in the amount of $60,000 ("Death Benefit").

9. On or about July 1, 1995, the Insured designated his wife, Delphine Dougan as primary beneficiary of the Death Benefit. He designated Dougan as contingent beneficiary. Attached hereto as Exhibit A is a true and correct copy of the referenced beneficiary designation.

10. Upon information and belief, the Insured died on or about August 1, 2017. Attached hereto as Exhibit B is a true and correct copy of the Insured's death certificate, as obtained by Prudential.

11. Upon information and belief, Delphine Dougan predeceased the Insured in 2010.

12. Following receipt of information suggesting that the Insured had died and that Delphine Dougan may have predeceased the Insured, Prudential undertook efforts to locate and invite Dougan to submit a claim to the Death Benefit.

13. Prudential established contact with Guthrie who advised that Dougan is severely handicapped, unable to take care of herself or her finances, and that Guthrie is Dougan's caregiver and the payee on Dougan's Social Security and Medicare benefits.

14. Although Guthrie reported that she is Dougan's primary caregiver, she indicated that there is no guardianship over Dougan but that she intended to so apply for guardianship.

15. Prudential has not received a claim from Dougan, and Guthrie has not provided any guardianship or similar paperwork that would allow her to collect the Death Benefit on behalf of Dougan.

## THE APPROPRIATENESS OF INTERPLEADER

16. Prudential claims no title to or interest in the Death Benefit and is ready and willing to pay the Death Benefit to the person entitled to it, but Prudential is unable to do so without exposing itself to potential double or multiple liability or litigation in light of the allegations of incompetence and Guthrie's allegation that she has assumed the responsibility to care for Dougan and manage her affairs.

17. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of Defendants.

18. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit payable upon the death of the Insured. Prudential is ready and willing to deposit the Death Benefit, together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A. Appointing a Guardian *Ad Litem* for Dougan;

B. Directing Prudential to pay the Death Benefit, together with claim interest, if any, into this Court;

C. Directing Defendants to interplead their rights to such sum;

D. Restraining the Defendants, and each of them, from instituting or maintaining any action against Prudential to recover such sum;

E. Discharging Prudential from all liability to the Defendants arising out of the matters set forth herein upon payment of the Death Benefit, together with applicable claim interest, if any, into this Court;

F. Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

G. Such other relief as is deemed just and proper.

Respectfully submitted,

/s/*Felicia A. Long*
Felicia A. Long (ASB-5532-F61L)
Counsel for The Prudential Insurance
Company of America

**OF COUNSEL:**
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL: (334) 834-7600
FAX: (334) 386-4394

**Defendants will be served by the Plaintiff at the following addresses:**

Alexis Dougan
15429 Capricorn Road
Wilmer, AL 36587

Amy Guthrie
15429 Capricorn Road
Wilmer, AL 36587