# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIV. ACT. NO. 1:20-cv-397-TFM-MU |
| ALEXIS DOUGAN and AMY GUTHRIE, | ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the parties' *Consent Motion for Deposit and Interpleader Relief* (Doc. 18, filed April 12, 2021). All parties agree by stipulation and move the Court to (1) direct Prudential to deposit certain life insurance proceeds in the amount of $60,000 ("Death Benefit") and a $463.50 premium refund, plus applicable claim interest, if any, into the Court's Registry, which was due as a consequence of the death of William Dougan, deceased (the "Insured"), who was insured under a group life insurance policy bearing group policy number G-32000 (the "Group Policy"), issued by Prudential to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance Statute, 38 U.S.C. § 1965, et seq., (2) grant Prudential interpleader relief, (3) discharge Prudential from any further liability with regard to the subject death benefit, and (4) dismiss Prudential from this action with prejudice. The Court having considered the motion and for good cause shown **ORDERS** that the motion is **GRANTED**. It is therefore **ORDERED** as follows:

(1) Interpleader relief to Plaintiff The Prudential Insurance Company of America ("Prudential") is **GRANTED**.

(2) On or before **June 25, 2021**, Prudential shall deposit the $463.50 premium refund and the Death Benefit in the amount of $60,000.00, together with applicable claim interest, if any, with the Clerk of this Court.

(3) The Clerk is **DIRECTED** to deposit these funds, which are being deposited under 28 U.S.C. § 1335 and pursuant to Fed. R. Civ. P. 67 and Local Rule 67.1, into the CRIS (Court Registry Interest) account under the terms and conditions set forth in Fed. R. Civ. P. 67 and Civ L.R. 67(d)(1). As the parties do not specify an applicable exception under 26 CFR § 1.468B-9(b)(1)(iv), the funds shall be deposited into the Court's Disputed Ownership Fund ("DOF") which requires that taxes be withheld from the <u>earnings</u>.

(4) Upon deposit of the Death Benefit, Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, shall be, and hereby are, released and discharged from any and all liability to Alexis Dougan, Amy Guthrie and any respective guardians, guardians *ad litem* and/or conservators, and any past, present or future person(s), representative(s), guardian(s), or conservator(s) on behalf of Alexis Dougan relating to the Group Policy and/or the Death Benefit due under the Group Policy as a consequence of the Insured's death.

(5) Alexis Dougan, Amy Guthrie, and any respective guardians, guardians *ad litem* and/or conservators, and any past, present or future person(s), representative(s), guardian(s), or conservator(s) on behalf of Alexis Dougan, are permanently **ENJOINED** from bringing any action or proceeding in any forum, or making any

further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection relating to the Group Policy and/or Death Benefit.

(6) All claims, rights, interests and actions that Alexis Dougan, Amy Guthrie and any respective guardians, guardians *ad litem* and/or conservators, and any past, present or future person(s), representative(s), guardian(s), or conservator(s) on behalf of Alexis Dougan might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Group Policy and/or the Death Benefit are hereby released.

(7) Upon deposit of the funds, all claims against Prudential are **DISMISSED with prejudice** and Prudential is dismissed as a party from this action.

(8) The parties shall be realigned to represent the claims between the remaining interpleader defendants such that the case would then be styled as Alexis Dougan (Plaintiff) and Amy Guthrie (Defendant). The Clerk of Court is **DIRECTED** to take the necessary steps to change the style of the case consistent with that realignment.

**DONE** and **ORDERED** this 25th day of May 2021.

                                                s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE